Hon.
Civil Action File No.

John G. Campbell, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2111
FAX 212-337-2[...]

**07 CIV 4845**

**JUDGE BUCHWALD**

SOL:JC
(07)03071

UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,                   :
United States Department of Labor,
                                                      :    Civil Action File
                            Plaintiff,
                                                      :    No.
         v.
                                                      :    COMPLAINT
AMERICAN FINANCIAL SERVICES, INC.
401(K) PLAN,                                          :

                            Defendants.               :
------------------------------------------------------------------------

    1.    This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title 1 of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

<u>Jurisdiction, Parties and Venue</u>

    2.    Jurisdiction over this action is conferred upon the Court by section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The American Financial Services, Inc. 401(k) Plan (hereafter "the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was sponsored by American Financial Services, Inc. ("the Company"), an employer of employees covered by the Plan and the last known address of which was 2 World Trade Center, New York, New York. This Plan has been without an active trustee with the ability to distribute plan assets since September 11, 2001, when on information and belief, the Company ceased business operations.

4. Venue for this action lies in the Southern District of New York where the plan sponsor was located, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

Factual Allegations

5. To the best of the Secretary's knowledge, information and belief, Richard McIntosh (hereinafter "McIntosh") was the Trustee of the Plan and was a fiduciary to the Plan with responsibilities for its day-to-day management and operation.

6. To the best of the Secretary's knowledge, information and belief, George Perk was the President of the Company with authority to appoint fiduciaries to the Plan with responsibility for its day-to-day management and operation.

7. To the best of the Secretary's knowledge, information and belief, McIntosh stopped performing his fiduciary duties without ensuring the appointment of a fiduciary to oversee the distribution of the Plan's assets.

8. To the best of the Secretary's knowledge, information, and belief, Perk did not appoint any fiduciaries to replace McIntosh.

9. To the best of the Secretary's knowledge, information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its

assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

10. The Plan has not been formally terminated.

11. On information and belief, no one has been actively managing the Plan or its assets. As a result, the Plan's participants and beneficiary have been unable to gain access to or information about their individual account balances.

12. The custodian of the Plan's funds is the Travelers Insurance Company. To the best of the Secretary's knowledge, information and belief, the assets of the Plan held by American Skandia have a value of $22,288.67 as of February 8, 2006.

## Violations

13. Because of the facts and circumstances set forth in Paragraph 5-12, above, the Plan does not have a named fiduciary or trustee with exclusive authority and discretion to manage and control its assets as required by ERISA § 42(a), 29 U.S.C. § 1102(a); and ERISA § 403(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

14. Because of the facts and circumstances set forth in Paragraphs 5-12 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw it down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

Prayer for Relief

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

A.  Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination and,

B.  Provide such other relief as may be just and equitable.

DATED: June 7, 2007
New York, New York

Respectfully submitted,

/s/ Jonathan L. Snare
JONATHAN L. SNARE
Acting Solicitor of Labor

/s/ Patricia M. Rodenhauser
PATRICIA M. RODENHAUSEN
Regional Solicitor

/s/ John G. Campbell
JOHN G. CAMPBELL
Attorney JC (2125)

U.S. Department of Labor
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.: (212)337-2111
FAX:  (212)337-2112