Hon. Naomi R. Buchwald
Civil Action File No. 07-4845

John G. Campbell, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2111
FAX 212-337-2112

SOL:JC
(07)03071

UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,                :
United States Department of Labor,
                                                   :    Civil Action File
                        Plaintiff,
                                                   :    No. 07-4845
        v.
                                                   :
AMERICAN FINANCIAL SERVICES, INC.
401(K) PLAN,
                                                   :
                        Defendants.                :
-----------------------------------------------------------------------

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF HER MOTION TO APPOINT NEW INDEPENDENT FIDUCIARY

### STATEMENT OF THE CASE

The Secretary of Labor commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 et seq.  She seeks the appointment of an Independent Fiduciary to administer the Defendant American Financial Services, Inc. 401(k) Plan. The Plan existed to provide employee pension benefits, thereby making it subject to ERISA. It has

1

not been actively managed since the business premises of its sponsor, American Financial Services, Inc., were destroyed on September 11, 2001. As a result, plan funds are sitting in a custodial account held by American Skandia. These funds cannot be given to their rightful participants unless a trustee with authority to direct their distribution can be found. The Secretary's investigators located Ms. Concetta Hawkins, who was the last known Plan administrator, before the sponsor ceased operations. On June 19, they served her with the summons and the complaint in this matter. The Plan has not answered timely, and the Secretary brings this application for an appointment of an Independent Fiduciary.

## ARGUMENT

### THIS COURT HAS THE AUTHORITY TO APPOINT AN INDEPENDENT FIDUCIARY TO THE VACANT TRUSTEESHIP OF A 401(k) PLAN

The Secretary seeks the appointment of an Independent Fiduciary to wind down the affairs of the Plan and cause the distribution of the Plan's funds in a manner consistent with Federal law. This relief is necessary and derives ample support from ERISA itself, as well as equity jurisprudence and the common law of trusts, both of which ERISA draws upon for guidance and supplementation. See e.g. Central States Pension Fund v. Central Transport, 472 U.S. 559, 570, 105 S.Ct. 2833, 2840, 86 L.Ed.2d 447, 457 (1985)("[R]ather than explicitly enumerating all of the powers and duties of trustees and other fiduciaries, Congress invoked the common law of trusts to define the general scope of their authority and responsibility.")

District Courts have express authority under ERISA to remove breaching fiduciaries as this Court has. 29 U.S.C. §1109(a). Several courts have held that if the District Court can remove a

2

fiduciary, it must have the concurrent authority under ERISA to appoint a substitute in his place. Marshall v. Snyder, 572 F.2d 894, 901 (2d Cir. 1978). See also, Sommers Drug Stores v. Corrigan Enterprises, Inc., 793 F.2d 1456, 1463 (5th Cir. 1986), rehearing denied en banc, 797 F.2d 977 (5th Cir. 1986); Lawrence v. Jackson Mack Sales, Inc., 837 F.Supp. 771, 787 (S.D. Miss. 1992).

In addition to the authorities set forth above, the clear thrust of trust law is that courts have the authority to fill vacant trusteeships. "A trust cannot fail for want of a trustee, or by the refusal of all the trustees to accept the trust. The court of chancery will appoint new trustees." Adams v. Adams, 88 U.S. (21 Wall.) 185, 191, 22 L.Ed. 104 (1874). If the trustees cannot or will not perform their duties, "the execution of the trust necessarily devolves upon the Court of Chancery...these trustees, who decline the execution of the trust confided to them by the will of the testator, may be removed by the chancellor, and others, if necessary, may be appointed in their places." King v. Donnelly, 5 Paige Ch. 46 (N.Y. Chancery Ct. 1835) "If a trust is created and there is no trustee or if the trustee or one of several trustees ceases for any reason to be trustee, a new trustee can be appointed (a) by a proper court...." Restatement(Second) of Trusts §108 at 238 (1959). As a leading commentary states

> The principle has already been stated that an express trust validly created shall not fail for want of a trustee (§1007). Courts of equity will therefore, independently of statute, possess the inherent power and jurisdiction to appoint new trustees whenever such action is necessary to protect the rights of the beneficiaries. In the absence of any other method prescribed by the instrument creating the trust, a court of equity will appoint trustees when none at all have been named by the creator of the trust, and will appoint new trustees when those originally named refuse to accept, or when a vacancy occurs by their death, resignation, permanent residence in a foreign country, or removal from office....

John Norton Pomeroy, 4 A Treatise on Equity Jurisprudence, §1087 at 260 (1994 repr. 5th Ed.

1941)(italics added).

Courts are given broad discretion under ERISA to draw upon the law of trusts as a supplementary source of law to fashion appropriate remedies for problems that arise under the statute:

> In certain areas, Congress has authorized the federal courts to create common law. See Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456-57, 77 S.Ct. 912, 917-18, 1 L.Ed.2d 972 (1957). ERISA is such an area. See Van Orman v. American Insurance Co., 680 F.2d 301, 311 (3d Cir. 1982) ("Congress intended federal courts to fashion a federal common law concerning pension plans under ERISA."). Since Congress both authorized and expects that the courts will create a common law under ERISA, we need not look for a specific congressional intent to create the remedy at issue. Instead, the inquiry is whether the judicial creation of a right in this instance is "'necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress.'" Id. at 312 (citation omitted).

Plucinski v. I.A.M. Nat. Pension Fund, 875 F.2d 1052, 1056 (3d. Cir. 1989). Seeking the appointment of an Independent Fiduciary is definitely "necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress." Id. There is no fiduciary to administer the Plan as required by ERISA. There are plan assets that need to be accounted for and disposed of for the benefit of the plan participants. A Court appointment is therefore warranted on these facts.

## CONCLUSION

**WHEREFORE,** the Secretary's motion for the appointment of an Independent Fiduciary for the Plan should be granted.

DATED:   July 13, 2007
         New York, New York

>                    Respectfully Submitted,
>
>                    JONATHAN L. SNARE
>                    Acting Solicitor of Labor
>
>                    PATRICIA M. RODENHAUSEN
>                    Regional Solicitor
>
> BY: */s/ John G. Campbell*
>        JOHN G. CAMPBELL
>        Attorney  JC (2125)